## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES HENRY BARNETT, #1006993,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:12-CV-3805-P-BK** |
| | § | |
| **ROBERT W. FRANCIS, et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a Texas state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, seeking reversal of his state conviction. This Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be dismissed as frivolous.

## I. BACKGROUND

In 2000, Plaintiff was convicted of indecency with a child and sentenced to 15 years' imprisonment.[1] *State v. Barnett*, No. F00-29503 (Crim. Dist. Ct. No. 3, Dallas County, Tex. 2000), *aff'd*, No. 05-00-01636-CR, 2002 WL 1740699 (Tex. App.– Dallas 2002). He unsuccessfully challenged his conviction in federal habeas proceedings. *See Barnett v. Cockrell*, No. 3:05-CV-2280-G, 2006 WL 2437829 (N.D. Tex. Aug. 21, 2006) (dismissing habeas petition as time barred); *Barnett v. Thaler*, No. 3:09-CV-1984-K, 2009 WL 4249558 (N.D. Tex. Nov. 20, 2009) (transferring successive habeas petition to the court of appeals); *In re Barnett*, No. 09-11142 (5th Cir. Feb. 2, 2010) (denying motion for leave to file successive habeas petition). In addition, this Court summarily dismissed a section 1983 complaint against Detective Allen

---

[1] Plaintiff was also convicted of sexual assault of a child and sentenced to fifteen years imprisonment. *State v. Barnett*, No. F00-29504 (Crim. Dist. Ct. No. 3, Dallas County, Tex. 2000).

Frizzell and Investigator Paula Ringer for failing to investigate the indecency charge and

coercing Petitioner to confess through verbal abuse and threats.  *See Barnett v. Frizzell*, No.

3:04-CV-2585-B, 2005 WL 440443 (N.D. Tex. Feb. 24, 2005), *recommendation accepted*, 2005

WL 701030 (N.D. Tex. Mar. 23, 2005) (dismissing case as barred by the *Heck v. Humphrey*

doctrine).

In this action, Plaintiff sues Defendants Judge Robert W. Francis, Defense Counsel James

N. Vasilas, Investigator Paula Ringer, Detective Allen Frizzell, and District Attorney Bill Hill,

renewing previous challenges to his indecency conviction.  (Doc. 3 at 3).   He claims that (1) he

is actually innocent of the offense; (2) Frizzell coerced his confession; (3) defense counsel failed

to present any evidence; (4) the trial judge was unaware the state witnesses perjured themselves;

and (5) and Ringer and Hill "hid evidence . . . that would support Plaintiff [*sic*] innocence

claims." *Id.* at 4-9.  Plaintiff requests the Court to "subpoena all favorable evidence from all

defendants" and "immediately release" him from custody.  (Doc. 3 at 9).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening

under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  Those statutes provide for *sua sponte* dismissal

of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim

upon which relief may be granted, or (3) seeks monetary relief against a defendant who is

immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in

law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se*

litigant. *See Haines v. Kerner*,  404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are

2

held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most

liberal construction, however, Plaintiff's complaint is frivolous.

Plaintiff's request for release from confinement is not cognizable in this section 1983

action.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S.

475, 4889 (1973)) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the

fact or duration of his confinement.'").  In addition, the doctrine espoused in *Heck v. Humphrey*,

512 U.S. 477 (1994), bars the challenge to his conviction for indecency of a child.  In *Heck*, the

United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized to
> make such determination, or called into question by a federal court's issuance of a
> writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.  The *Heck* rule also applies to claims for declaratory and injunctive relief if a

favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the

proceeding.  *Wilkinson,* 544 U.S. at 81-82.

In this case, a ruling in Plaintiff's favor on the claims pled against the various defendants

"would necessarily imply the invalidity of his conviction."  *Heck*, 512 U.S. at 487.  Thus, since

no court has reversed or invalidated Plaintiff's conviction for indecency with a child,[2] his claims

of coerced confession, perjured testimony, actual innocence, tampering and concealment of

evidence, and of ineffective assistance of counsel are clearly barred by *Heck*.  Accordingly,

Petitioner's complaint should be dismissed as frivolous.  *See Hamilton v. Lyons*, 74 F.3d 99, 102

(5th Cir. 1996) (*Heck* barred claim is legally frivolous).

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's
conviction, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(2).  The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED October 11, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4